**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000044
29-AUG-2024
08:33 AM
Dkt. 185 SO**

CAAP-20-0000044

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


SUSAN H. KITSU, Plaintiff-Appellant,
v.
DEPARTMENT OF EDUCATION, STATE OF HAWAIʻI,
Defendant-Appellee,
and
JOHN AND MARY DOES 1-50, DOE PARTNERSHIPS 1-50,
DOE CORPORATIONS 1-50, AND OTHER DOE ENTITIES 1-50,
Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NOS. 15-1-1824-09 and 16-1-1076-06)

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, McCullen, J.; and
Circuit Judge Tonaki, in place of Hiraoka,
Wadsworth, Nakasone, and Guidry, JJ., all recused)

Plaintiff-Appellant Susan H. Kitsu (**Kitsu**) appeals from the January 15, 2020 Final Judgment (**Judgment**) entered in favor of Defendant-Appellee Department of Education, State of Hawaiʻi (**DOE**), in the Circuit Court of the First Circuit (**Circuit Court**).[1]  Kitsu also challenges the Circuit Court's July 30, 2019 Findings of Fact [(**FOFs**)], Conclusions of Law [(**COLs**)], and Order (**FOFs, COLs, and Order**).

---

[1]     The Honorable Gary W.B. Chang presided.

Kitsu raises five points of error on appeal, contending that the Circuit Court erred in: (1) not entering default or an adequate remedy against DOE for its bad faith destruction of documents, devices, and electronically-stored information (**ESI**) that resulted in actual and substantial prejudice to Kitsu; (2) disregarding its October 29, 2018 Order Granting in Part and Denying in Part [Kitsu's] Motion for Entry of Default (**Order Imposing Discovery Sanctions**); (3) entering the FOFs, COLs, and Order and the Judgment; (4) failing to apply the correct statement of law in a "mixed-motive" employment termination case; and (5) concluding that Kitsu did not place DOE or the court on notice that a mixed motive standard applied in this action.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Kitsu's points of error as follows:

(1) Kitsu argues that DOE's destruction of evidence was deliberate and in bad faith, and resulted in Kitsu suffering actual prejudice. Kitsu contends that the Circuit Court therefore erred in not entering default against DOE.

The Circuit Court agreed with Kitsu that DOE was "on notice" of, *inter alia*, the investigation related to Kitsu and that DOE was culpable in destroying the requested documents (including emails); the court stated as much in its detailed findings in the Order Imposing Discovery Sanctions. The Circuit Court thoroughly examined and recognized the resulting prejudice to Kitsu in the context of the burdens of proof in this

litigation.  Yet, the Circuit Court also considered that it found carelessness, rather than nefarious intent, which was nevertheless inexcusable and sufficient to constitute bad faith to justify imposition of discovery sanctions.  The Circuit Court balanced these considerations in its review of Kitsu's request for sanctions.

The Circuit Court examined and considered "[o]ne of the most severe forms of discovery sanctions," *i.e.*, the entry of default, and determined that it was too harsh a sanction in light of the nature and circumstances of DOE's actions.  The Circuit Court fashioned a remedy that it determined was "a fair **sanction**," weighing the equities of the circumstances of the case.  Upon review, we conclude that the Circuit Court did not abuse its discretion in imposing an evidentiary presumption (as detailed in the Order Imposing Discovery Sanctions), instead of entering default against DOE.  See, e.g., Weinberg v. Dickson-Weinberg, 123 Hawaiʻi 68, 71, 75-78, 229 P.3d 1133, 1136, 1140-43 (2010) (sanctions are reviewed for abuse of discretion).

(2)  Kitsu argues that the Circuit Court failed to follow its own remedial order because it did not, in its FOFs, COLs, and Order, indicate that the presumptions were considered, rebutted, or simply ignored.  The remedy imposed by the Circuit Court in the Order Imposing Discovery Sanctions was to

> impose a presumption that imposes upon [DOE] the burden to produce evidence in accordance with Rule 303 of the Hawaii Rules of Evidence on any contested material issue of fact. **If [Kitsu] introduces evidence of a fact or facts that give rise to an inference that a presumed fact also exists, then [DOE] has the burden to produce admissible evidence to support the nonexistence of the presumed fact.**

3

If [DOE] **fail[s] to produce** such evidence, then the trier of fact may infer that the presumed fact does exist. A bald testimonial denial of the existence of the presumed fact, without more indicia of its veracity, shall not, in and of itself, be sufficient to discharge [DOE's] duty to produce evidence.

If [DOE] **does produce** evidence that would support a finding that the presumed fact does not exist, then there is no presumption or inference that applies to the contested material fact and the trier of fact must make a determination of the existence or nonexistence of that fact without regard to any presumption or inference.

If [Kitsu] intends to avail herself of this presumption, she shall give [DOE] and the court **advance, written notice** of: (1) the fact or facts that give rise to an inference that a presumed fact exists, and (2) specify the presumed fact or facts that is or are to be inferred to exist. Said advance notice may be given any time before [Kitsu] seeks to introduce the fact or facts that give rise to the presumed fact. [Kitsu] need not identify the witness or exhibit through which the fact or facts will be introduced into evidence.

Kitsu's argument makes the unsupported assertion that the Circuit Court did not follow its own order simply because the court did not refer to presumed facts as such in the FOFs, COLs, and Order. First, when pointing to where in the record she objected to this alleged error, Kitsu points to her March 13, 2019 objections (**Objections**) to the FOFs, COLs, and Order (and her own form of order; we note that Kitsu pointed to no presumed facts as such in her own proposed form of order). Kitsu does not provide any page number reference within the 96-page Objections document, and we are unable to identify any objection therein based on the failure to refer specifically to presumed facts as such in the FOFs, COLs, and Order. Second, the FOFs, COLs, and Order contain 206 FOFs, not including subparts, and Kitsu fails to specifically point to which of them are impacted by this alleged error. Finally, it is well-established in Hawaiʻi law that a jury, as trier-of-fact, is presumed to follow a court's instructions. See, e.g., State v. Feliciano, 149 Hawaiʻi 365,

377, 489 P.3d 1277, 1289 (2021). This principle applies here to support the presumption that the Circuit Court followed its own order; Kitsu cites no authority for a contrary proposition of law.

In sum, we conclude that this argument is waived, and even if it were not waived, it is without merit.

(3) Kitsu argues that the Circuit Court erred when it entered the FOFs, COLs, and Order and the Judgment, specifically that the court erred by modifying its previous (unsigned, unfiled) Court's Notes Re: Iniclination [sic] Kitsu vs. Dept of Education 11-27-18 @ 2:00 p.m. (**Inclination**).

On December 3, 2018, Kitsu filed a motion "in opposition" to the Inclination, which primarily raised the issue of a defendant's burden of proof in a mixed-motive case of whistleblower liability under Hawaii Revised Statutes (**HRS**) Chapter 378 and argued that DOE had not met its burden of proof. On January 25, 2019, after a hearing, the Circuit Court entered an order denying Kitsu's motion, stating, *inter alia*, Kitsu failed to give any notice that she was raising a mixed-motive claim (**Order re Inclination**), but even if she had, the evidence at trial did not support the claim. The court then explained the purpose for the Inclination and its instructions for the preparation of the FOFs, COLs, and Order. Kitsu's highly selective quotation does not fairly convey the Circuit Court's rulings and instructions as stated in the Order re Inclination, which includes:

> The court disclosed its inclination to the parties informally to afford the parties an opportunity to explore

an amicable resolution of this case. However, it appears that such an amicable end to this case is beyond the reach of the parties.

Therefore, the court hereby advises all parties that the court's written notes of its inclinations are hereby formally adopted by the court as an indication of the court's decision herein. Therefore, [DOE] is instructed to prepare detailed, formal written findings of fact and conclusions of law and order that is patterned after the court's inclination.

The findings and conclusions should follow the analysis of the traditional McDonnell Douglas framework with regard to the shifting burdens of proof of the parties. However, the court requests that [DOE] prepare a substantial footnote that sets forth this court's findings and conclusions that apply to a mixed-motive framework as an alternative analysis that leads to the same result. The purpose for such a footnote is so that, in the event that an appellate court disagrees with this court's conclusion that [Kitsu] failed to give notice to the court and the defense of her intention to prosecute the instant case as a mixed-motive case instead of a pretext case, then the appellate court will have the footnote to rely upon to gauge what this court's findings and conclusions would have been if the case at bar were, in fact, prosecuted as a mixed-motive case.

Alternatively, as the defense is drafting the findings and conclusions, if it is stylistically more desirable for the decision to read as an alternative analysis instead of a footnote, the court will allow the defense to make that initial determination, subject to the court's ultimate decision with regard to the final form of the court's findings and conclusions and order.

**As the court indicated, the written notes of the [Inclination] were neither complete nor comprehensive. [DOE] is asked to prepare the complete, correct, and comprehensive findings and conclusions and order to implement the court's inclination. There are many findings and conclusions that were not detailed in the Court's notes of its Inclination. The [Inclination] was essentially a summary of the bases for the court's inclination. However, the court shall expect that the findings and conclusions and order to be prepared by [DOE] shall be complete, correct, and comprehensive**.

[DOE] shall afford [Kitsu] her right to approve the form of the final findings of fact and conclusions of law and order in accordance with Rule 23 of the Rules of the Circuit Court Rules of the State of Hawaii. **[DOE] is reminded that the findings must be thorough, complete, correct, and comprehensive as to all findings and conclusions that are necessary and prudent, given the court's inclination, to arrive at a judgment in favor of [DOE] and against [Kitsu].**

(Emphasis added).

The Order re Inclination is unchallenged on appeal and clearly directed that the Inclination was, in effect, a starting

place for the drafting of proposed FOFs, COLS, and Order that would be "thorough, complete, correct, and comprehensive." Kitsu's argument that the Circuit Court erred because it modified the Inclination is wholly without merit.

(4)   Kitsu argues that she met her *prima facie* case under HRS § 378-62 (2015), and that the Circuit Court failed to require that DOE meet its shifted burden of proof.  However, Kitsu does not challenge or otherwise point to a single one of the Circuit Court's 206 FOFs as clearly erroneous. "[U]nchallenged factual findings are deemed to be binding on appeal, which is to say no more than that an appellate court cannot, under the auspices of plain error, *sua sponte* revisit a finding of fact that neither party has challenged on appeal." Okada Trucking Co. v. Bd. of Water Supply, 97 Hawaiʻi 450, 459, 40 P.3d 73, 82 (2002).  Nor does Kitsu point to findings establishing that she met her *prima facie* case, or in the absence of such findings, evidence at trial, including any evidence giving rise to a presumed fact.  Although a trial court's conclusions of law are not similarly binding, in this case, Kitsu has simply alleged that they are wrong without pointing to any particular COL or COLs and instead recited legal authorities without reference to the Circuit Court's analysis in this case. Kitsu's argument is wholly unsupported by any citation to the record and rulings in this case and, accordingly, is without merit.

(5)   Kitsu argues that the Circuit Court and DOE were "on actual notice" that this case involved a mixed-motive

analysis. Kitsu again provides this court no citation to the rather voluminous record before this court other than to direct us to a "simple reading of the Complaints and Pleadings", with no docket numbers or dates or the like. Moreover, this argument disregards and fails to address that when Kitsu raised the mixed-motive analysis post trial, in the Objections, the Circuit Court procedurally and substantively addressed the mixed-motive analysis in the unchallenged Order re Inclination and in paragraphs a through aa of footnote 4 at pages 78-81 of the FOFs, COLs, and Order. Kitsu did not challenge any of the findings and/or conclusions set forth in footnote 4. Kitsu's argument provides no cogent basis for appellate relief.

For these reasons, the Circuit Court's January 15, 2020 Judgment is affirmed.

DATED: Honolulu, Hawaiʻi, August 29, 2024.

On the briefs:

Leighton K. Lee,
(Law Offices of Leighton K. Lee),
 and
Gary Y. Okuda,
(Leu Okuda & Doi),
for Plaintiff-Appellant.

James E. Halvorson,
Henry S. Kim,
Deputy Attorneys General
for Defendant-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ John M. Tonaki
Circuit Judge